IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 DEC 11 PM 1:04
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

A06CA970 LY

| | |
|---|---|
| TIERNEY MCCRACKEN, § | |
|    Plaintiff § | |
| § | |
| V. § | CAUSE NO. _____ |
| § | |
| MICHAEL M. BARRON AND § | |
| BARRON, ADLER & ANDERSON, L.L.P., § | |
|    Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

### PARTIES

1.   Plaintiff Tierney McCracken (hereinafter referred to as "McCracken") is an individual residing in Winchester, Virginia, and a citizen of Virginia.

2.   Defendant Michael M. Barron (hereinafter referred to as "Barron") is an individual residing in Austin, Texas and a citizen of the State of Texas. Defendant Barron may be served with process personally pursuant to Rule 4(e) of the Federal Rules of Civil Procedure at 808 Nueces Street, Austin, Texas 78701.

3.   Barron, Adler & Anderson, L.L.P. (hereinafter referred to as "Barron, Adler & Anderson") is a limited liability partnership, consisting of Michael M. Barron, Stephen Adler and Daniel Anderson.  Michael Barron, Stephen Adler and Daniel Anderson reside in Austin, Texas, and are citizens of the State of Texas. Defendant Barron, Adler & Anderson, L.L.P. may be served, pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, by serving Michael M. Barron, its managing partner and authorized agent for service of process, at 808 Nueces Street, Austin, Texas 78701.

## JURISDICTION

4. There is complete diversity of citizenship between Plaintiff and all Defendants in this matter. As will be more fully explained below, the amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. Therefore, this court has jurisdiction over this dispute by virtue of 28 U.S.C. § 1332.

## FACTS

5. Defendant Barron is one of four children of William Cannon Barron (hereinafter referred as "WCB"). Prior to his death, WCB owned significant amounts of personal property, including but not limited to cattle, stocks, and cash, and real property, which included surface and subsurface mineral rights. WCB created a trust, which was named the William Cannon Barron Trust (hereinafter referred to as "WCB Trust"), which included the real property he owned.

6. The WCB Trust was created in May of 1974, to which William Cannon Barron conveyed one-half of his estate. The original trustee of the trust was Isabel Barron. The original beneficiaries of the trust were Isabel Barron (WCB's wife), and his four children: Michael Barron (a current Defendant); David Barron (Plaintiff McCracken's father); Barbara Barron Stewart; and William Calvin Barron. WCB died in 1979; his son David Barron (Plaintiff McCracken's father) died in July of 1985; and Isabel Barron (WCB's wife) died in 1986. Upon Isabel Barron's death, Defendant Barron became the trustee of the WCB Trust.

7. Plaintiff McCracken and her brother, Matthew Barron, were the children of David Barron. David Barron created a trust named the David Barron Family Trust, and Plaintiff McCracken and her brother were named as beneficiaries. Defendant Michael Barron was named the trustee of the

David Barron Family Trust. The property of the David Barron Family Trust includes proceeds from the WCB Trust, along with David Barron's real and personal property.

8.     Despite the fact that Plaintiff McCracken owns an interest in and is otherwise entitled to her share of the proceeds of the David Barron Family Trust, Defendant Michael Barron, as trustee, has not properly advised Plaintiff McCracken of the existence of the contents, property, funds and/or income of said trust, and has not received full and adequate accountings of the transactions of both trusts. As a consequence, Plaintiff has been deprived of information she requires in order to have full knowledge of her property interest or rights under the trusts defined above. Defendant Michael Barron has failed, and continues to fail, to provide Plaintiff McCracken with this information.

9.     Plaintiff McCracken has not received a full accounting of the trust funds to which she is a beneficiary, nor full disclosure of trust activities, as she is entitled under Texas law. Further, trust assets have been mishandled and mismanaged by Defendant Barron, and Defendant Barron has misrepresented the interests held by the trust and the manner in which they have been disposed. Plaintiff McCracken has not been allocated her fair and rightful share of said trust funds.

10.    Defendant Michael Barron has also (1) misrepresented the terms of the sale of trust property; (2) misrepresented whether trust property has been sold at all; (3) has continually performed his functions as trustee under a false trust document; and (4) has provided Plaintiff McCracken with false closing documents for the sale of trust property.

11.    Additionally, Defendant Michael Barron acted with a conflict of interest towards Plaintiff McCracken. Defendant Michael Barron was the executor of Isabel Barron's estate at the same time he acted as trustee of the David Barron Family Trust. As executor of his mother's trust, Defendant

Michael Barron mischaracterized property owned by David Barron as belonging to Isabel Barron. The mischaracterized property was therefore distributed to Isabel Barron's children, which included Defendant Michael Barron, creating a conflict of interest. By acting in this manner, Defendant Michael Barron breached the fiduciary duty he owed to Plaintiff McCracken.

12. With respect to the David Barron Family Trust, Defendant Barron has breached the fiduciary duty he owes to Plaintiff McCracken in the following ways:

   a. Defendant Barron has breached the duty of good faith, fair dealing loyalty, and fidelity over the trust's affairs and its principal;

   b. Defendant Barron has breached his duty to make the assets of the trust productive while at the same time preserving the assets;

   c. Defendant Barron has breached his duty to disclose all material facts known to the trustee that could affect Plaintiff McCracken's rights;

   d. Defendant Barron has breached his duty to account to Plaintiff McCracken for all trust transactions;

   e. Defendant Barron has breached his duty to properly manage, supervise and safeguard trust funds;

   f. Defendant Barron has breached his duty to refrain from self-dealing with trust assets; and

   g. Defendant Barron has breached his duty to refrain from lending trust funds to himself, to an affiliate of Defendant Barron, to Defendant Barron's employer, or to a director, officer, or employee of Defendant Barron.

13. Additionally, Plaintiff McCracken is also a partner in a partnership operating under the name Barron Mineral Partnership (hereinafter referred to as "BMP). Plaintiff McCracken acquired her interest in this partnership pursuant to the terms of the partnership agreement regarding the death of the partners. Upon the death of David Barron, Plaintiff McCracken acquired a partnership interest.

14.  Defendant Barron is the "managing partner" of the BMP, and as such, he owes a fiduciary duty to Plaintiff McCracken as one of its partners. The partnership agreement contains the following provisions:

> a.  The term of the partnership shall continue until terminated by all of the partners (Article IV);
>
> b.  The partnership shall maintain a General Ledger reporting income on a cash basis using a calendar year (Article V, 5.1);
>
> c.  A financial statement shall be prepared not less frequently than annually, and that copies of all income tax returns shall be provided to each partner (Art. V, 5.2);
>
> d.  The initial capital contribution made by each of its partners shall be one-half of the mineral interests in the described properties, and that the initial contribution of each partner is deemed to be equal (Art. VI, 6.1) ;
>
> e.  Income distributions shall be distributed in proportion with each partner's then existing capital account balances (Art. VII); and
>
> f.  Defendant is appointed the "Managing Partner" of BMP with broad powers to sell, lease or convey partnership property (Art. IX, 9.1).

15.  According to the partnership agreement, Defendant Barron must provide at least a yearly accounting through "annual statements" to the partners. Plaintiff McCracken has never received an accounting of partnership activities. The failure of Defendant Barron to provide an accounting is a breach of his fiduciary duty to Plaintiff McCracken.

16.  Further, the partnership agreement requires Defendant Barron to provide all partners with copies of all filed income tax returns. Despite this duty, Defendant Barron has failed to provide Plaintiff McCracken with any income tax returns filed on behalf of the partnership. Without access to this information, Plaintiff McCracken cannot determine her gains, losses, or income due to her from the partnership. By his conduct, Defendant Barron has breached the fiduciary duty he owes to

Plaintiff McCracken.

17. The partnership agreement also requires Defendant Barron, as managing partner, to distribute income in proportion to each partner's share in the partnership. However, Plaintiff McCracken has not received any distributions of income from the partnership. By this conduct, Defendant Barron has breached the fiduciary duty he owes to Plaintiff McCracken.

18. With respect to the BMP, Defendant Barron has breached the fiduciary duty he owes Plaintiff McCracken in the following ways:

    a. Defendant Barron has breached his duty of loyalty to the joint concern;

    b. Defendant Barron has beached his duty to act in the utmost good faith, fairness, and honesty in dealings with Plaintiff McCracken on matters pertaining to the BMP;

    c. Defendant Barron has breached his duty to provide full disclosure of all matters affecting the BMP;

    d. Defendant Barron has breached his duty to account for all partnership profits and property; and

    e. Defendant Barron has breached his duty to refrain from competition with the partnership.

19. Defendant Barron has acted as trustee through and under the auspices of Defendant Barron, Adler & Anderson, L.L.P., and the services rendered pursuant to and in connection with said trust have been rendered all, or in part, by said Defendant.

20. Plaintiff McCracken seeks recovery in this action for breach of fiduciary duty on behalf of all Defendants, negligence on behalf of all Defendants, and for a full and complete accounting by Defendant Barron.

## LIMITATIONS

21.     Defendant Barron's numerous breaches of his fiduciary duty to Plaintiff McCracken are constant and continuous. Defendant Barron continues to fail or refuse to provide Plaintiff McCracken with an accounting or full disclosure of trust and partnership activities, income, tax returns, income distributions, proceeds and/or funds as provided by Texas law and the trust and partnership documents described herein. Therefore, the continuing tort doctrine applies to this cause and limitations periods are reset as of the date of Defendants' last breach, which breaches continue to the date of filing of the complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays judgment as follows:

1   For judgment against the Defendants, and each of them, for breach of fiduciary duty with respect to their handling of the various trusts described above, and for any other interests owned by Plaintiff McCracken as a result of those trusts.

2.  Judgment against all Defendants for breach of fiduciary duty with respect to the Barron Mineral Partnership described above.

3.  Judgment for all of Plaintiff McCracken's actual damages, as well as mental anguish, costs of court, pre-judgment interest and post judgment interest.

4.  For such other and further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS THAT THE CLAIMS SET OUT HEREIN BE TRIED BY A JURY.**

Respectfully submitted,

GARY F. DESHAZO & ASSOCIATES
823 Congress Avenue, Suite 1550
Austin, Texas 78701
(512) 476-3800
Facsimile: (512) 476-0435

By: _____
Gary F. DeShazo
Texas State Bar No. 05776500

ATTORNEYS FOR PLAINTIFF

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Tierney McCracken

**DEFENDANTS**
Michael Barron and Barron Adler & Anderson, LLP

**(b)** County of Residence of First Listed Plaintiff: Winchester City, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Travis County, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gary F. DeShazo, Gary F. DeShazo & Associates, 823 Congress Ave., Suite 1550, Austin, TX 78701 (Telephone: 512-476-3800 / Fax: 512-476-0435)

Attorneys (If Known): A06CA970 LY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

[Nature of suit checklist — 370 Other Fraud marked]

**V. ORIGIN** (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sect. 1332 -- Breach of Fiduciary Duty/Fraud
Brief description of cause:
Breach of fiduciary duty/fraud

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12-11-06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

404197

AO82
(Rev. 4/90)

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS**
at Austin

RECEIVED FROM Gary DeShazo & Assoc
823 Congress #1550
Austin TX 78701

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60 00 |
| 604700 | Registry Funds | 510000 | 190 00 |
| | General and Special Funds | 086400 | 100 00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference |
| 322360 | Miscellaneous Fees | 1:06-CV-970 |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | New Case |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | |
| 504100 | Crime Victims Fund | McCracken v. |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | Barron |
| 510100 | Registry Fee | |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn. 1247

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|---|---|---|---|---|---|
| 12-11-2006 | | X | | | |