IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JAN 09 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| TIERNEY MCCRACKEN<br>*Plaintiff* | § § § | |
| v. | § § | CAUSE NO. A06CA970LY |
| MICHAEL M. BARRON AND BARRON, ADLER & ANDERSON, L.L.P.<br>*Defendant* | § § § § § | |

## DEFENDANTS' ANSWER

**TO THE HONORABLE LEE YEAKEL, UNITED STATES DISTRICT JUDGE:**

NOW COME Michael M. Barron ("Defendant Barron") and Barron, Adler & Anderson, L.L.P. ("Defendant Firm") Defendants in the above-styled and numbered cause (collectively Defendants) and file this Answer to Plaintiff's Original Complaint. Defendants will respond to Plaintiff's Original Complaint with corresponding paragraph numbers and heading denominations. Unless expressly admitted below, Defendants deny the allegations set forth in Plaintiff's Original Complaint.

### PARTIES

1. Defendants admit the allegations set forth in Paragraph 1 of Plaintiff's Original Complaint.

2. Defendants admit the allegations set forth in Paragraph 2 of Plaintiff's Original Complaint.

3. Defendants deny the allegations set forth in the first sentence of Paragraph 3 of Plaintiff's Original Complaint. As to the second sentence of Plaintiff's Original Complaint, Defendants admit that Michael Barron and Stephen Adler reside in Austin, Texas, and are citizens of the

State of Texas. As to the third sentence of Paragraph 3 of Plaintiff's Original Complaint, Defendants admit that the Defendant Firm has been properly served herein by serving Michael M. Barron, and that Michael M. Barron is an authorized agent for service of process at the noted address; Defendants deny the remaining allegations in the third sentence of Paragraph No. 3 of Plaintiff's Original Complaint, specifically including that Michael M. Barron is Defendant Firm's managing partner.

## JURISDICTION

4.      Defendants admit the allegations set forth in the first sentence of Paragraph 4 of Plaintiff's Original Complaint. As to the remaining allegations in Paragraph 4 of Plaintiff's Original Complaint, Defendants admit that Plaintiff alleges, "the amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.00"; Defendants expressly deny that Plaintiff is entitled to any recovery herein; that the Court is properly vested with jurisdiction by virtue of the Plaintiff's allegations and the purported claim underlying this action; and that in excess of the sum of $75,000, exclusive of interest and costs, is properly in dispute, under the applicable facts and law.

## FACTS

5.      Defendants admit the allegations set forth in the first sentence of Paragraph 5 contained in Plaintiff's Original Complaint. As to the second sentence of Paragraph 5 contained in Plaintiff's Original Complaint, such allegation is vague, conclusory, ambiguous and indefinite as framed; Plaintiff should accordingly be required to replead such vague allegations, including references to "significant amounts," "personal property," and "real property." Subject to, still urging and without waiving the foregoing, Defendants generally admit the allegations vaguely referenced in the second sentence of Paragraph 5 of Plaintiff's Original Complaint as understood.

-2-

Defendants deny the allegations set forth in the third sentence of Paragraph 5 of Plaintiff's Original Complaint.

6.     As to the allegations in Paragraph 6 of Plaintiff's Original Complaint, Defendants admit that a trust was created by William Cannon Barron in May of 1974 to which he conveyed one-half of his estate, and Defendants admit the allegations set forth in the second, third and fourth sentences of Paragraph 6 in Plaintiff's Original Complaint; Defendants deny all remaining allegations in Paragraph 6 of Plaintiff's Original Complaint.

7.     Defendants admit the allegations set forth in the first 3 sentences of Paragraph 7 of Plaintiff's Original Complaint; Defendants deny the allegations set forth in the fourth sentence of Paragraph 7 of Plaintiff's Original Complaint.

8.     Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's Original Complaint.

9.     Defendants deny the allegations set forth in Paragraph 9 of Plaintiff's Original Complaint.

10.    Defendants deny the allegations set forth in Paragraph 10 of Plaintiff's Original Complaint.

11.    Defendants deny the allegations set forth in first sentence of Paragraph 11 of Plaintiff's Original Complaint.  Defendants admit the allegations set forth in second sentence of Paragraph 11 of Plaintiff's Original Complaint.  Defendants deny the remaining allegations in Paragraph 11 of Plaintiff's Original Complaint.

12.    Defendants deny the allegations in Paragraph 12, and subparts a-g set forth therein, contained in Plaintiff's Original Complaint.

13.     Defendants admit the allegations set forth in the first sentence contained in Paragraph 13 of Plaintiff's Original Complaint. Defendants generally admit the allegations set forth in the second sentence in Paragraph 13 of Plaintiff's Original Complaint; however, Defendant notes that such allegations constitute an incomplete recitation and summary of the agreement referenced, and to the extent that such allegations are intended to constitute a complete and accurate recitation of the provisions of the agreement, such allegations are denied, given that the agreement speaks for itself and is not properly referenced. As to the third sentence of Paragraph 13 set forth in Plaintiff's Original Complaint, such allegation is vague, indefinite and ambiguous, and Plaintiff should accordingly be required to replead pursuant to Rule 12(e), Fed. R. Civ. P.; subject to, still urging and without waiving the foregoing, Defendants generally admit the allegation set forth in the third sentence of Paragraph 13 of Plaintiff's Original Complaint, as vaguely framed and presently understood.

14.     As to the allegations contained in the first sentence of Paragraph 14 of Plaintiff's Original Complaint, Defendants admit that Defendant Barron was the "managing partner" of the BMP. Defendants, however, note that as to the remainder of the first sentence of Paragraph 14 of Plaintiff's Original Complaint, that the duty allegedly owed to Plaintiff is a pure question of law and not proper for a pleading and should be stricken accordingly. As to the remainder of the allegations set forth in Paragraph 14 of Plaintiff's Original Complaint, specifically including subparts a-f, Defendants note that such allegations constitute an incomplete recitation and summary of the agreement referenced, and to the extent that such subparts purport to constitute a complete and accurate recitation of the provisions of the agreement, such allegations are denied, given that the agreement speaks for itself.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Original Complaint.

16. As to the allegation contained in the first sentence of Paragraph 16 of Plaintiff's Original Complaint, Defendants admit that it generally recites an aspect of the referenced partnership agreement; however, to the extent that this allegation purports to constitute a complete and accurate recitation of the provision and the agreement, such allegation is denied; the agreement speaks for itself. Defendants deny all remaining allegations set forth in Paragraph 16 of Plaintiff's Original Complaint.

17. As to the allegations set forth in the first sentence of Paragraph 17 of Plaintiff's Original Complaint, Defendants admit that it generally recites an aspect of the referenced partnership agreement; however, to the extent that this allegation purports to constitute a complete and accurate recitation of the provision and the agreement, such allegations are denied; the agreement speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendants deny the allegations set forth in Paragraph 18, and subparts a-e contained therein, in Plaintiff's Original Complaint.

19. Defendants admit that Defendant Barron has acted as trustee of the David Barron Trust under the auspices of Defendant Barron and Defendant Barron, Adler & Anderson, L.L.P.; Defendants note that the phrase "said Defendant" is vague, ambiguous and unintelligible, and deny the remaining allegations of Paragraph 19 of Plaintiff's Original Complaint as framed.

20. Defendant admits that Plaintiff alleges that she seeks recovery for the referenced purported claims and seeks an accounting; Defendant expressly denies that Plaintiff is entitled to any recovery or relief referenced therein.

## LIMITATIONS

21.   Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Original Complaint.

## AFFIRMATIVE DEFENSES

22.   Pleading further, by way of affirmative defense, Defendant asserts that Plaintiff's claims are barred in whole or in part by way of: limitations; laches; waiver; estoppel; accord and satisfaction; payment; release; indemnification; and ratification.

## PRAYER

Defendants deny that Plaintiff is entitled to any relief set forth in the prayer clause contained in Plaintiff's Original Petition. Further, Defendants seek entry of judgment to the effect that Plaintiff take nothing by way of her alleged claims and that they recover their costs and attorneys fees and be accorded such other and further relief to which they may show themselves justly entitled.

AUSTIN 455464v2 40337-00114

Respectfully submitted,

JENKENS & GILCHRIST
A Professional Corporation
401 Congress Avenue, Suite 2500
Austin, Texas 78701
Tel.: 512-499-3894
Fax: 512-499-3810

By: _____
Gary E. Zausner
State Bar No. 22251350

ATTORNEYS FOR DEFENDANT MICHAEL M. BARRON

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
Tel.: 512-476-4600
Fax: 512-476-5382

By: _____
Mark Rogstad
State Bar No. 17203400

ATTORNEYS FOR DEFENDANT BARRON, ADLER & ANDERSON, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by certified mail to:

Gary F. DeShazo
Gary F. DeShazo & Associates
823 Congress Avenue, Suite 1550
Austin, Texas 78701
ATTORNEY FOR PLAINTIFF

in accordance with the Federal Rules of Civil Procedure, on this 9th day of January, 2007.

Gary E. Zausmer

-8-