

FILED
NOV 1 9 2007
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION
The Honorable Andrew W. Austin

| | | |
|---|---|---|
| Tierney Barron McCracken | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | A–06–CA–970 LY |
| Michael M. Barron and Barron, | § | |
| Adler & Anderson, LLP. | § | |

### PLAINTIFF'S RESPONSE TO ORDER

1. I am not an attorney.

2. This is Plaintiff's response to Judge Austin's ORDER, to me, for complete and correct contact information.

3. Format. This written response follows my phone call to Judge Austin's Chambers, as I intended to comply with the ORDER verbally. One of His Honor's Clerks was kind enough to explain that calls to Chambers are not appropriate. I was directed to the <u>Clerk of the Court</u>, Austin Division, for information on proper formats and other procedural matters.

Tierney Barron McCracken.


This contact information is:

Tierney Barron McCracken

447 North Braddock Street

Winchester, Virginia 22601

Telephone numbers: (540) 667-8099

(540) 667-9077

E-mail address One: tierney.mccracken@verizon.net

Two: mccrackenRLG@aol.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION
The Honorable Andrew W. Austin

| | | |
|---|---|---|
| Tierney Barron McCracken | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | A-06-CA-970 LY |
| Michael M. Barron and Barron, Adler & Anderson, LLP. | § § | |

I, Tierney Barron McCracken, certify that I have sent a copy of the enclosed documents to

Gary E. Zausmer
Winstead, PC
401 Congress Avenue
Suite 2100
Austin, Texas 78701

counsel for Michael M. Barron,

_____
Tierney Barron McCracken                                    Date November 16, 2007

eln Winchester VA
on 11/16/07

Melissa Self

MELISSA A. SELF
Notary Public
Commonwealth of Virginia
329225
My Commission Expires Nov 30, 2011

**Page 1**

```
 1       IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TEXAS
 2                  AUSTIN DIVISION
 3
    TIERNEY McCRACKEN,          °
 4      Plaintiff,              °
                                ° CIVIL ACTION NO.
 5   v.                         °
                                ° A 06 CA 970 LY
 6   MICHAEL M. BARRON and BARRON, °
     ADLER & ANDERSON, LLP,     °
 7      Defendants.             °
 8   * * * * * * * * * * * * * * * *
 9
        ORAL AND VIDEOTAPED DEPOSITION OF
10
                TIERNEY McCRACKEN
11
                October 16, 2007
12
     * * * * * * * * * * * * * * * *
13
14      ORAL DEPOSITION OF TIERNEY McCRACKEN,
15   produced as a witness at the instance of the
16   Plaintiff and duly sworn, was taken in the above
17   styled and numbered cause on the 16th day of
18   October, 2007, from 10:53 a.m. to 10:59 a.m. and
19   from 3:08 p.m. to 3:30 p.m., respectively, before S.
20   Givens, CSR, in and for the State of Texas, reported
21   by machine shorthand method, at the law offices of
22   Winstead, PC, 401 Congress Avenue, Suite 2100,
23   Austin, Texas 78701, pursuant to the Federal Rules
24   of Civil Procedure.
25
```

**Page 2**

```
 1          APPEARANCES
 2
 3   FOR THE PLAINTIFF:
 4      Gary F. DeShazo
        Richard G. Paxton
 5      Gary F. DeShazo & Associates
        823 Congress Avenue
 6      Suite 1550
        Austin, Texas 78701
 7
 8   FOR THE DEFENDANT
     MICHAEL M. BARRON:
 9
        Gary E. Zausmer
10      Winstead, PC
        401 Congress Avenue
11      Suite 2100
        Austin, Texas 78701
12
13   FOR THE DEFENDANT
     BARRON, ADLER & ANDERSON, LLP:
14
        Mark Rogstad
15      Wright & Greenhill, PC
        221 West 6th Street
16      Suite 1800
        Austin, Texas 78701
17
18   VIDEOGRAPHER:
19      Melinda Vague
20
     ALSO PRESENT:
21
        Michael M. Barron
22
23
24
25
```

**Page 3**

```
 1                  I N D E X
 2
 3   Appearances --------------------- 2
 4   TIERNEY McCRACKEN
 5     Examination by Mr. Zausmer ----------- 4
 6   Changes and Signature --------------- 27
 7   Reporter's Certification -------------- 29
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Page 4**

```
 1          VIDEOGRAPHER: This is the
 2   videotaped oral deposition of Tierney McCracken.
 3   Today's date is October 16th, 2007. We're on the
 4   record at 10:53 a.m. If the court reporter will
 5   swear in the witness.
 6          THE REPORTER: Ms. McCracken,
 7   will you raise your right hand, please? Just to
 8   swear you in.
 9          THE WITNESS: Yeah. I'm a
10   little bit -- I might need a break. I'm sorry. I
11   have apologized for keeping everybody waiting. I
12   know it's rude, but --
13          MR. ZAUSMER: Would you like a
14   moment, ma'am, to collect yourself? Would you like
15   to take a --
16          THE WITNESS: No, I don't. Yes.
17   Please go on.
18          TIERNEY McCRACKEN,
19   having been first duly sworn, testified as follows:
20             EXAMINATION
21   BY MR. ZAUSMER:
22   Q   State your name for the record, ma'am.
23   A   Tierney Augusta Barron McCracken.
24   Q   Where do you reside, ma'am?
25   A   In 447 North Braddock Street, Winchester,
```

Tierney McCracken                                                   October 16, 2007

Page 5

1  Virginia.
2    Q    And with whom do you reside there?
3    A    My husband and my son.
4    Q    Your husband's name, please?
5    A    Steven Everett McCracken.
6    Q    Your son's name?
7    A    Cannon Barron McCracken.
8    Q    How old is Cannon?
9    A    Cannon's 14.
10   Q    Okay. Are you ready to proceed with your
11 deposition, ma'am?
12   A    Yes, I am. Thank you for waiting.
13   Q    Okay. You have testified under oath
14 before, have you not, ma'am?
15   A    Yes, I have.
16   Q    You understand that your deposition today
17 is under oath?
18   A    Yes.
19   Q    You understand that you've sworn to tell
20 the truth?
21   A    Oh, yes.
22   Q    You understand that if you fail to tell
23 the truth, that you risk the penalties of perjury?
24 You understand that?
25   A    Yes, I do.

Page 6

1    Q    You also understand that if you fail to
2  tell the truth and give complete and accurate
3  testimony, that that could be pointed out to the
4  Court and that there can be sanctions that could be
5  leveled against you for failing to tell the truth?
6  You understand that?
7    A    Yes. Thank you.
8    Q    You also understand that I can point out
9  to the jury instances where you have testified
10 differently today from the way you testify at trial.
11 You understand that?
12   A    Yes, sir.
13   Q    I know that you've given your deposition
14 before, but I just want to make sure that we go
15 through a few ground rules.
16   A    Yes, sir.
17   Q    One is that the court reporter here is
18 taking down everything that is said by you and by me
19 and the others in this room. You understand that?
20   A    Yes, sir.
21   Q    You also understand that the deposition is
22 being videotaped today?
23   A    Yes, I do.
24   Q    It will help the court reporter for us
25 both not to be talking at the same time.

Page 7

1    A    Yes. I'm just getting a handkerchief. Go
2  ahead.
3    Q    So I want to make sure that I finish my
4  question before you begin your answer. All right?
5  Will you do your best to help on that front?
6    A    That you finish your question before I
7  begin my answer? Yes. Yes.
8    Q    Also, if I should start up my next
9  question before you've completed your answer, will
10 you let me know so that I give you every opportunity
11 to give a complete and truthful answer to all my
12 questions?
13   A    Yes.
14   Q    Okay. Another thing that will help the
15 court reporter is if you avoid nodding or shaking
16 your head or using the expression uh-huh or huh-uh,
17 because those expressions and those nods and shakes
18 of the head sometimes can be unclear or
19 misinterpreted.
20   A    Yes.
21   Q    Also, Ms. McCracken, you'll recall that
22 moments ago I offered to either delay the start of
23 the deposition or to allow you the opportunity to
24 take a break?
25   A    Yes, you did.

Page 8

1    Q    And I want to reiterate that if at any
2  point during the course of this deposition that
3  you're not feeling up to going forward with your
4  deposition and you would like to take a break, I
5  want to make sure that you let us know so that you
6  take a break. All right?
7    A    Thank you. And again, I apologize for the
8  delay.
9    Q    Thank you. I would add, though, that if
10 there's a question pending, you must answer that
11 question before you take or ask to take a break.
12 You understand that? Okay.
13   A    All right. How long do you anticipate the
14 deposition? Do we have any -- a couple -- I mean --
15         MR. DeSHAZO: Tierney, just
16 answer his questions. He's here to ask the
17 questions and you're here to answer the questions.
18 You don't get to ask questions. Do you understand
19 me?
20   Q    (By Mr. Zausmer) So to reiterate, I'll be
21 certainly amenable to taking breaks at appropriate
22 times if you need that. I also am anticipating that
23 we'll have an opportunity to take a lunch break --
24   A    Yes.
25   Q    -- if you'd like. Okay?

2 (Pages 5 to 8)

Tierney McCracken                                                          October 16, 2007

Page 9

1   A   Why don't we take a break now.
2   Q   Okay.
3   A   Just a few minutes.
4   Q   Okay.
5   A   Thank you.
6       (At 10:59 a.m. the proceedings
7   recessed, continuing at 3:08 p.m.)
8       VIDEOGRAPHER: Back on the
9   record at 3:08. Would you please re-swear in the
10  witness?
11      (At this time the witness was
12  sworn in again.)
13  Q   (By Mr. Zausmer) Would you please state
14  your name for the record?
15  A   Tierney Augusta Barron McCracken.
16  Q   And Ms. McCracken, are you prepared to go
17  forward with stating on the record the terms and
18  conditions of a settlement agreement that has been
19  reached over the course of the last several hours
20  this morning and this afternoon?
21  A   Yes, sir.
22  Q   And so that we have it clear for the
23  record, would you state your address?
24  A   I live at 447 North Braddock Street,
25  Winchester, Virginia.

Page 10

1   Q   And with whom do you live there, ma'am?
2   A   I live with my husband, Steven McCracken,
3   and my son, Cannon Barron McCracken.
4   Q   And state your date of birth.
5   A   3/3/60.
6   Q   And your Social Security number, please?
7   If you have it or know it.
8   A   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.
9   Q   Thank you, ma'am. And are you feeling
10  well enough to proceed forward with stating on the
11  record the terms and conditions of the settlement
12  agreement that we reached?
13  A   Oh, yes. I'm perfectly fine. Thank you.
14  Q   All right. Ms. McCracken, I'm going to
15  read off the terms and conditions of the settlement
16  agreement that was achieved over the course of a
17  number of hours today.
18  A   Yes. Thank you for taking the time.
19  Q   Certainly. And we're here today with, of
20  course, Mike Barron, your uncle.
21  A   Yes, sir.
22  Q   And he, of course, has been directly
23  involved in the negotiation process in connection
24  with the agreement that we've achieved, correct?
25      THE WITNESS: I appreciate that.

Page 11

1   You've been very generous. Thank you.
2   Q   (By Mr. Zausmer) And when you said "you,"
3   you were looking at Mike when you said that?
4   A   Yes, I was.
5   Q   Okay. Not that I haven't been generous,
6   but you've been looking at Mike.
7   A   Yes. You've been wonderful too.
8   Q   Okay.
9   A   Yes.
10  Q   And as you know, this is being recorded by
11  the court reporter, and you're under oath.
12  A   Yes.
13  Q   And you also understand that there's a
14  videographer here --
15  A   Yes.
16  Q   -- Ms. Vague, and she's videotaping this
17  for us, right?
18  A   Yes. I -- yes. And Mr. Rogstad?
19  Q   And Mr. Rogstad is here --
20  A   Uh-hum.
21  Q   -- and he, of course, is counsel for
22  Mr. Barron's law firm. You understand that?
23  A   Yes.
24  Q   And you're here with the attorneys of
25  record representing the plaintiff in this lawsuit.

Page 12

1   Attorneys of record for the plaintiff, Mr. DeShazo
2   and Mr. Paxton, they're here today, correct?
3   A   Yes.
4   Q   And they're in this room with us?
5   A   Yes.
6   Q   Okay. So if I may proceed forward to read
7   off the terms and conditions of the settlement that
8   has been reached on behalf of the plaintiff, you,
9   and on behalf of the defendants, Mike and his law
10  firm who you have sued in this federal court matter.
11  Okay?
12  A   Yes.
13  Q   Number 1, Mike will effectuate, as proper
14  under Texas real estate law and practice, the
15  conveyance of a one-half of one-third interest of
16  the B.P. Buckner tract survey that has been
17  identified in the course of this lawsuit. The tract
18  in toto, the entire B.P. Buckner tract survey
19  in toto is approximately 235 acres.
20  A   Yes.
21  Q   Number 2, Mike will acknowledge,
22  Mike Barron will acknowledge your right to and
23  support your appropriate efforts to effectuate a
24  one-half of one-fourth undivided interest in
25  whatever property is owned by William Cannon Barron

3 (Pages 9 to 12)

Givens Court Reporting                                                    (512) 301-7088

Page 13

1  and/or the William Cannon Barron Trust in the
2  Millican town site, correct?
3      A   Yes.
4      Q   Number 3, Mike Barron will acknowledge
5  your right, Tierney McCracken's right, to and
6  support your appropriate efforts to effectuate a
7  one-half of one-fourth undivided interest in any
8  mineral interest owned by William Cannon Barron
9  and/or the William Cannon Barron Trust not in the
10 Barron Mineral Partnership, correct?
11     A   Yes. Yes. Thank you. Yes.
12     Q   Mike Barron has agreed to locate
13 photographs, letters, and mementos of your father,
14 David Barron, in your possession and provide you
15 with select photos, letters, or mementos of your
16 dad.
17     A   Thank you.
18     Q   Mike has also agreed to provide you with a
19 Capodimonte pitcher --
20         MR. BARRON:  No.  We substituted
21 the sword cane for that.
22         THE WITNESS:  Yes.
23     Q   (By Mr. Zausmer) I'm sorry.
24     A   Thank you.
25     Q   Thank you very much.  I apologize.

Page 14

1          MR. ZAUSMER:  Thanks, Mike.
2      Q   (By Mr. Zausmer) So that's good, because
3  it's easier for me to spell "sword" than
4  "Capodimonte." So I appreciate that clarification.
5  The court reporter is adept and she would have known
6  how to spell it, but I wouldn't have known how to.
7          It has been agreed that Mike will
8  provide you with a sword that I believe belonged to
9  Mike's father.
10         MR. BARRON:  It's actually a
11 sword cane.
12     Q   (By Mr. Zausmer) A sword cane that
13 belonged to Mike's father.  It has also been agreed
14 that Mike will continue to explore at his place
15 whether any of your dad's military mementos exist
16 there and will route to you and to Matt any such
17 select military mementos that may be located at
18 Mike's place.
19     A   Okay.  Thank you.
20     Q   It is also been agreed that the sum of
21 $12,500 will be contributed on Mike's behalf and on
22 behalf of the defendants in connection with the
23 resolution of this matter, correct?
24     A   Yes. Thank you.
25     Q   And in consideration for the foregoing, it

Page 15

1  has been agreed that settlement documents will be
2  prepared by defense counsel.  The settlement
3  documents will include a comprehensive release.  In
4  this comprehensive release you and your husband
5  Steve will release Michael Barron in all capacities,
6  his law firm, Jill Barron, the William Cannon Barron
7  Trust, the David A. Barron Family Trust, the Isabel
8  B. Barron Estate, the William Cannon Barron Estate,
9  the Effie Barron Cannon Estate, along with Matt and
10 Lindsey Barron, Barbara and Larry Stewart, Bill and
11 Lourdes Barron.
12         And again, this comprehensive
13 settlement document will include the mutual -- I'm
14 sorry, will include the extensive release that I've
15 just described.  This comprehensive settlement
16 document will also include an indemnity provision
17 where you will indemnify Mike Barron and the other
18 parties released for any and all claims brought,
19 which may be brought by, through, or under you or
20 otherwise.
21         This comprehensive settlement
22 agreement will include an assignment of any and all
23 claims that aren't released by you, if there are any
24 such claims.  The release, as I emphasized, will be
25 sweeping and comprehensive, and it will encompass

Page 16

1  any and all claims whether known or unknown,
2  asserted or unasserted.  You understand all that and
3  agree to all that?
4      A   Yes.
5      Q   In addition, Mike will release you with
6  respect to any claims that he may have for your
7  filing of this lawsuit against him and your
8  initiating State Bar proceedings against him and the
9  lost opportunity that he had with regard to a recent
10 real estate project.  You understand that?
11     A   Yes.
12     Q   And agree to that?
13     A   Yes.
14     Q   Have I properly stated the terms of the
15 settlement agreement, and have I completely stated
16 the terms of the settlement agreement that have been
17 reached today and have now been recited on the
18 record?
19     A   Just one more thing, a couple more things.
20 I have Mike's permission to send Joe Cannon at
21 Mike's -- my own expense to file my father's will in
22 Limestone County, is that correct, at Cannon and
23 Simmons?
24     Q   That is correct.
25     A   Okay.  And then DeShazo & Associates have

Page 17

1  waived the rest of their fee and are no longer my
2  attorneys of record.
3      Q   Well, they may have waived their fee, but
4  for them not to --
5      A   I mean after this.
6      Q   After the lawsuit is concluded and the
7  settlement is consummated, if you no longer want
8  them to be your attorneys of record in connection
9  with any proceedings, that's something that you will
10 have to work out with Mr. DeShazo and Mr. Paxton.
11 But I think the first point that you made is, that
12 you're wanting to reference, is that they've agreed
13 to waive any future fee; and that's something that
14 you can raise to them and ask them to comment on
15 right now.
16     A   Well, okay.
17         THE WITNESS: Mr. DeShazo?
18         MR. DeSHAZO: What?
19         THE WITNESS: There's a question
20 on the table.
21         MR. DeSHAZO: You haven't asked
22 me any question. What question do you have?
23         MR. ZAUSMER: I'll ask --
24         THE WITNESS: I just wanted to
25 bring it up since so many people have heard it, and

Page 18

1  I want to --
2          MR. DeSHAZO: Well, bring it up.
3  I'm listening.
4          MR. ZAUSMER: Has it been agreed
5  that effective October 16 forward -- I don't
6  understand -- I don't know the terms of the
7  agreement that you reached with Mr. DeShazo on the
8  fee front. So if you can --
9          THE WITNESS: I don't owe you
10 any more money, correct?
11         MR. DeSHAZO: Are you asking me
12 a question?
13         THE WITNESS: Doesn't that sound
14 like a question?
15         MR. DeSHAZO: No. That sounds
16 like a statement. What's your question?
17     Q   (By Mr. Zausmer) Would it be helpful if I
18 just asked it, since I've been --
19     A   Yes. Thank you.
20     Q   -- going through everything? Has some
21 agreement been effectuated between you, Tierney, and
22 your attorney of record, Mr. DeShazo, such that no
23 more fees are due and owing on your part to
24 Mr. DeShazo? I'm asking you that. Is that --
25     A   Yes.

Page 19

1      Q   -- your understanding of the agreement?
2      A   Yes.
3          MR. ZAUSMER: And is that a
4  correct representation, recitation of the agreement,
5  Mr. DeShazo?
6          MR. DeSHAZO: No.
7          MR. ZAUSMER: Okay.
8          MR. DeSHAZO: I told her I would
9  waive my fees, and I want my expenses, which are
10 about a thousand dollars, if she would never come to
11 Austin again. And so there's the offer and no
12 acceptance, so we don't have a deal.
13         MR. ZAUSMER: Okay.
14         THE WITNESS: Excuse -- I'm
15 sorry. I didn't hear that. I've given you much
16 more than that.
17         MR. ZAUSMER: Okay.
18         MR. DeSHAZO: No. I refunded
19 your expenses, you may recall.
20         MR. ZAUSMER: Let me offer
21 this --
22         THE WITNESS: But I gave you
23 $10,000.
24         MR. DeSHAZO: You didn't give me
25 anything.

Page 20

1          MR. ZAUSMER: Okay. Let me
2  suggest this, because I'm not acquainted with the
3  terms and conditions of it. Could we go off the
4  record briefly?
5          MR. DeSHAZO: Gary, let me
6  just --
7          MR. ZAUSMER: Let me just go
8  off --
9          MR. DeSHAZO: I can do this real
10 quickly. We'll waive our attorneys fees. Not what
11 you've already paid, but we'll waive any further
12 attorneys' fees. I do want my expenses, which are
13 less than a thousand dollars, which would include a
14 copy of this transcript here today. I want it on
15 the record that when the check is made I do not want
16 my name on it. I want it just strictly to her, and
17 I'll get it to her.
18         And lastly, I'd like the record to
19 reflect that she has been delivered today all of the
20 files that we have in this case, which she has in a
21 box right at her feet which we intend to leave here
22 with her. Because it's customary that women get
23 into arguments about who's got the files. Now,
24 that's what I'm saying. Is that okay?
25         THE WITNESS: I'm not paying you

Page 21

1  for anything you did today.
2           MR. DeSHAZO:  Oh, you're not
3  going to pay for the transcript here today?
4           THE WITNESS:  I may, but I'm not
5  going to pay you.
6           MR. DeSHAZO:  Well, you know,
7  then you won't get one and you won't have a deal.
8  You want that?
9           MR. ZAUSMER:  Let me suggest
10 that we don't --
11          THE WITNESS:  We'll talk about
12 it later.
13          MR. DeSHAZO:  We're not going to
14 talk about it.
15          MR. ZAUSMER:  Let me suggest
16 that we go off the record and do it.
17          THE WITNESS:  I thought we were
18 off the record.  I'm sorry.
19          MR. ZAUSMER:  We're not.
20          THE WITNESS:  Okay.  Well, your
21 behavior --
22          MR. ZAUSMER:  Okay.  Let
23 me -- hold on.  Let's go off the record.
24          (At 3:23 p.m. the proceedings
25 recessed, continuing at 3:25 p.m.)

Page 22

1      Q   (By Mr. Zausmer)  We've gone off the
2  record momentarily, and are you ready to go back on
3  the record, Ms. McCracken?
4      A   Yes.  I apologize.
5      Q   Okay.  Thank you.  And it has been agreed
6  that you and your attorney of record, Mr. DeShazo,
7  are going to sort through whatever differences you
8  have, correct?
9      A   I believe we settled them on the record.
10 I don't know -- but yes.  Okay.
11     Q   Okay.  But I'm not here --
12     A   I apologize.
13     Q   I'm wanting to focus on --
14     A   No.  Let's focus --
15     Q   -- zeroing in on the issues --
16     A   -- on what we're doing here.  Yes.
17     Q   -- between you on the one hand and Mike
18 and his law firm on the other hand.
19     A   Right.
20     Q   Okay.
21     A   We agreed that I don't owe Mr. DeShazo any
22 attorneys' fees, you're going to make the check out
23 to me, and he's not involved in any of our land
24 deals.
25     Q   Okay.

Page 23

1           MR. DeSHAZO:  We have not agreed
2  that you do not owe me any attorneys' fees.  He
3  doesn't have to agree to anything.  That's you and
4  I.
5      Q   (By Mr. Zausmer)  Okay.  And so just to be
6  clear, just to be clear --
7      A   Okay.
8      Q   -- whatever differences or issues may
9  exist between you and Mr. DeShazo in terms of
10 attorneys' fees matters, those are going to be
11 sorted out as between you and Mr. DeShazo, correct?
12     A   Well, I thought -- okay.  I don't want to
13 belabor this point, but I thought the whole room
14 heard him say that I don't owe him any attorneys'
15 fees.
16          MR. DeSHAZO:  Providing you
17 never come to Austin again, and in case you do I
18 want liquidated damages of $50,000.
19          THE WITNESS:  Is it -- are we on
20 the record?
21     Q   (By Mr. Zausmer)  We're on the record.
22     A   Okay.  Let's just move on.
23          MR. ROGSTAD:  Yeah.  Let's do
24 it.
25     Q   (By Mr. Zausmer)  Okay.  So let me just in

Page 24

1  the spirit of moving on, Ms. McCracken --
2      A   Yes.
3      Q   -- let's let me just make sure that it's
4  abundantly clear on the record that all of the terms
5  and conditions of the settlement agreement that I
6  recited here and that you heard and that you
7  testified to between you on the one hand and Mike
8  and his law firm on the other hand are complete,
9  they're accurate, and they're agreed to by you,
10 correct?
11     A   Correct.
12     Q   And you understand the terms and
13 conditions of the settlement agreement between you
14 on the one hand and Mike and his law firm on the
15 other hand?
16     A   Yes, sir.
17     Q   And you understand that the agreement that
18 we have set out on the record that you've testified
19 to today is a binding, valid, enforceable agreement.
20 Do you understand that?
21     A   Yes, sir.
22     Q   And you want this settlement to go forward
23 under the terms and conditions as precisely
24 described as between you on the one hand and
25 Mr. Barron and his law firm on the other hand?

Tierney McCracken                                              October 16, 2007

```
                                                    Page 25
 1   A  Yes, sir. And we're talking about a month
 2   time frame, something like that?
 3   Q  That's exactly what we're looking at.
 4   A  Okay. That's wonderful.
 5   Q  In terms of getting everything finalized.
 6   A  Just loosely speaking. Yes.
 7   Q  Right. Okay. Thank, Ms. McCracken.
 8   A  Thank you.
 9          MR. ZAUSMER: I pass the
10   witness.
11          MR. DeSHAZO: No questions.
12          (At 3:29 p.m. the proceedings
13   went off the record, continuing at 3:29 p.m.)
14   Q  (By Mr. Zausmer) One matter I just wanted
15   to mention. When we were on a break today I handed
16   to you a what appears to be a check. It had
17   "Sampson" on the exterior of the envelope.
18   A  Yes.
19   Q  It's something that has been held in
20   trust. It had been received from Mr. Barron's
21   office while Mr. Barron was away on vacation. It
22   has been maintained here. I provided notice to your
23   counsel. I handed that to you today. It is a check
24   apparently that had been replaced.
25   A  Yes. Thank you.
```

```
                                                    Page 26
 1   Q  Now you have received it, you've torn
 2   up --
 3   A  Just --
 4   Q  -- this check because it's void.
 5   A  Yes.
 6   Q  But I just wanted to make sure it was
 7   clear that you did receive that check.
 8   A  Yes, I did. I wasn't aware that it was
 9   here, but thank you for holding it for me.
10   Q  Okay. Thank you.
11   A  Thank you.
12   Q  Okay.
13          (At 3:30 p.m. the proceedings
14   adjourned.)
```

```
                                                    Page 27
                CHANGES AND SIGNATURE
        PAGE   LINE   CHANGE            REASON

                      See attached
                      final page
                      TAme
```

```
                                                    Page 28
I, TIERNEY BARRO, have
read the foregoing deposition and hereby affix my
signature that same is true and correct, except as
noted on the preceding page.

                    _____
                      TIERNEY McCRACKEN

STATE OF VA (STATE OF TEXAS)
CITY OF Winchester (COUNTY OF TRAVIS)
Before me Melissa Self (name
of officer) on this day personally appeared
Tierney Barron, known to me (or proved to me
under oath or through VA DL (description of
identity card or other document)) to be the person whose
name is subscribed to the foregoing instrument and
acknowledged to me that they executed the same for the
purposes and consideration therein expressed.
   Given under my hand and seal of office on this 16th
day of November, A.D., 2007.

                    Melissa a Self
                    Notary Public in and for
                    the State of Texas Virginia
```

MELISSA A SELF
Notary Public
Commonwealth of Virginia
329228
My Commission Expires Nov 30, 2011

Givens Court Reporting                     7 (Pages 25 to 28)
                                              (512) 301-7088

Tierney McCracken                                                    October 16, 2007

Page 29

1         REPORTER'S CERTIFICATION
2         DEPOSITION OF TIERNEY McCRACKEN
3             October 16, 2007
4     I, Sandra S. Givens, Certified Shorthand
5  Reporter in and for the State of Texas, hereby
6  certify to the following:
7     That the witness, TIERNEY McCRACKEN, was duly
8  sworn by the officer and that the transcript of the
9  oral deposition is a true record of the testimony
10 given by the witness;
11    That the deposition transcript was submitted on
12 October 19, 2007 to the witness or to the attorney
13 for the witness for examination, signature, and
14 return to me by November 19, 2007;
15    That $377.00 is the deposition officer's
16 charges to the Defendant for preparing the original
17 deposition transcript and for the time spent waiting
18 during negotiations throughout the day; that the
19 amount of time used by each party at the deposition
20 is as follows:
21    Gary E. Zausmer - 26 minutes
22    That pursuant to information given to the
23 deposition officer at the time said testimony was
24 taken, the following includes counsel for all
25 parties of record:

Page 30

1     Gary F. DeShazo - Attorney for Plaintiff
      Gary E. Zausmer - Attorney for Defendant Barron
2     Mark Rogstad - Attorney for Defendant Law Firm
3     I further certify that I am neither counsel
4  for, related to, nor employed by any of the parties
5  or attorneys in the action in which this proceeding
6  was taken, and further, that I am not financially or
7  otherwise interested in the outcome of the action.
8     Certified to by me this 19th day of October,
9  2007.
10
              GIVENS COURT REPORTING
11            9532 Morgan Creek Drive
              Austin, Texas 78717
12            (512) 301-7088
13
              _____
14            SANDRA S. GIVENS, CSR
              Certification No. 5000
15            Certificate Expires 12/31/07
16  # sg-862
17
18
19
20
21
22
23
24
25

Tierney McCracken                                                                 October 16, 2007

Page 31

| A | | | | |
|---|---|---|---|---|
| **A** | apparently 25:24 | believe 14:8 22:9 | complete 6:2 7:11 | defense 15:2 |
| about 19:10 20:23 | Appearances 3:3 | belonged 14:8,13 | 24:8 | delay 7:22 8:8 |
| 21:11,14 25:1 | appeared 28:12 | best 7:5 | completed 7:9 | delivered 20:19 |
| above 1:16 | appears 25:16 | between 18:21 | completely 16:15 | deposition 1:9,14 |
| abundantly 24:4 | appreciate 10:25 | 22:17 23:9,11 | comprehensive | 4:2 5:11,16 6:13 |
| acceptance 19:12 | 14:4 | 24:7,13,24 | 15:3,4,12,15,21 | 6:21 7:23 8:2,4,14 |
| accurate 6:2 24:9 | appropriate 8:21 | Bill 15:10 | 15:25 | 28:2 29:2,9,11,15 |
| achieved 10:16,24 | 12:23 13:6 | binding 24:19 | concluded 17:6 | 29:17,19,23 |
| acknowledge 12:21 | approximately | birth 10:4 | conditions 9:18 | described 15:15 |
| 12:22 13:4 | 12:19 | bit 4:10 | 10:11,15 12:7 | 24:24 |
| acknowledged | arguments 20:23 | both 6:25 | 20:3 24:5,13,23 | description 28:14 |
| 28:17 | asked 17:21 18:18 | box 20:21 | Congress 1:22 2:5 | DeShazo 2:4,5 8:15 |
| acquainted 20:2 | asking 18:11,24 | Braddock 4:25 9:24 | 2:10 | 12:1 16:25 17:10 |
| acres 12:19 | asserted 16:2 | break 4:10 7:24 8:4 | connection 10:23 | 17:17,18,21 18:2 |
| action 1:4 30:5,7 | assignment 15:22 | 8:6,11,23 9:1 | 14:22 17:8 | 18:7,11,15,22,24 |
| actually 14:10 | Associates 2:5 | 25:15 | consideration 14:25 | 19:5,6,8,18,24 |
| add 8:9 | 16:25 | breaks 8:21 | 28:18 | 20:5,9 21:2,6,13 |
| addition 16:5 | attorney 18:22 22:6 | briefly 20:4 | consummated 17:7 | 22:6,21 23:1,9,11 |
| address 9:23 | 29:12 30:1,1,2 | bring 17:25 18:2 | continue 14:14 | 23:16 25:11 30:1 |
| adept 14:5 | attorneys 11:24 | brought 15:18,19 | continuing 9:7 | differences 22:7 |
| adjourned 26:14 | 12:1 17:2,8 20:10 | Buckner 12:16,18 | 21:25 25:13 | 23:8 |
| ADLER 1:6 2:13 | 20:12 22:22 23:2 | B.P 12:16,18 | contributed 14:21 | differently 6:10 |
| affix 28:2 | 23:10,14 30:5 | | conveyance 12:15 | directly 10:22 |
| after 17:5,6 | Augusta 4:23 9:15 | **C** | copy 20:14 | DISTRICT 1:1,1 |
| afternoon 9:20 | Austin 1:2,23 2:6 | C 2:1 | correct 10:24 12:2 | DIVISION 1:2 |
| again 8:7 9:12 | 2:11,16 19:11 | CA 1:5 | 13:2,10 14:23 | document 15:13,16 |
| 15:12 19:11 23:17 | 23:17 30:11 | cane 13:21 14:11,12 | 16:22,24 18:10 | 28:15 |
| against 6:5 16:7,8 | Avenue 1:22 2:5,10 | Cannon 5:7,8 10:3 | 19:4 22:8 23:11 | documents 15:1,3 |
| ago 7:22 | avoid 7:15 | 12:25 13:1,8,9 | 24:10,11 28:3 | doing 22:16 |
| agree 16:3,12 23:3 | aware 26:8 | 15:6,8,9 16:20,22 | counsel 11:21 15:2 | dollars 19:10 20:13 |
| agreed 13:12,18 | away 25:21 | Cannon's 5:9 | 25:23 29:24 30:3 | down 6:18 |
| 14:7,13,20 15:1 | A.D 28:20 | capacities 15:5 | County 16:22 28:10 | Drive 30:11 |
| 17:12 18:4 22:5 | a.m 1:18,18 4:4 9:6 | Capodimonte 13:19 | couple 8:14 16:19 | due 18:23 |
| 22:21 23:1 24:9 | | 14:4 | course 8:2 9:19 | duly 1:16 4:19 29:7 |
| agreement 9:18 | **B** | card 28:15 | 10:16,20,22 11:21 | during 8:2 29:18 |
| 10:12,16,24 15:22 | B 15:8 | case 20:20 23:17 | 12:17 | |
| 16:15,16 18:7,21 | back 9:8 22:2 | cause 1:17 | court 1:1 4:4 6:4,17 | **E** |
| 19:1,4 24:5,13,17 | Bar 16:8 | certainly 8:21 | 6:24 7:15 11:11 | E 2:1,1,9 3:1 29:21 |
| 24:19 | Barbara 15:10 | 10:19 | 12:10 14:5 30:10 | 30:1 |
| ahead 7:2 | Barron 1:6,6 2:8,13 | Certificate 30:15 | Creek 30:11 | each 29:19 |
| allow 7:23 | 2:21 4:23 5:7 | Certification 3:7 | CSR 1:20 30:14 | easier 14:3 |
| along 15:9 | 9:15 10:3,20 | 29:1 30:14 | customary 20:22 | effective 18:5 |
| already 20:11 | 12:22,25 13:1,4,8 | Certified 29:4 30:8 | | effectuate 12:13,23 |
| amenable 8:21 | 13:9,10,12,14,20 | certify 29:6 30:3 | **D** | 13:6 |
| amount 29:19 | 14:10 15:5,6,6,7,8 | CHANGE 27:2 | D 3:1 | effectuated 18:21 |
| ANDERSON 1:6 | 15:8,9,10,11,17 | Changes 3:6 27:1 | dad 13:16 | Effie 15:9 |
| 2:13 | 24:25 25:21 30:1 | charges 29:16 | dad's 14:15 | efforts 12:23 13:6 |
| and/or 13:1,9 | Barron's 11:22 | check 20:15 22:22 | damages 23:18 | either 7:22 |
| Another 7:14 | 25:20 | 25:16,23 26:4,7 | date 4:3 10:4 | emphasized 15:24 |
| answer 7:4,7,9,11 | before 1:19 5:14 | Civil 1:4,24 | David 13:14 15:7 | employed 30:4 |
| 8:10,16,17 | 6:14 7:4,6,9 8:11 | claims 15:18,23,24 | day 1:17 28:12,20 | encompass 15:25 |
| anticipate 8:13 | 28:11 | 16:1,6 | 29:18 30:8 | enforceable 24:19 |
| anticipating 8:22 | begin 7:4,7 | clarification 14:4 | deal 19:12 21:7 | enough 10:10 |
| anything 19:25 | behalf 12:8,9 14:21 | clear 9:22 23:6,6 | deals 22:24 | entire 12:18 |
| 21:1 23:3 | 14:22 | 24:4 26:7 | Defendant 2:8,13 | envelope 25:17 |
| apologize 8:7 13:25 | behavior 21:21 | collect 4:14 | 29:16 30:1,2 | estate 12:14 15:8,8 |
| 22:4,12 | being 6:22 11:10 | come 19:10 23:17 | defendants 1:7 12:9 | 15:9 16:10 |
| apologized 4:11 | belabor 23:13 | comment 17:14 | 14:22 | Everett 5:5 |

| | | | | |
|---|---|---|---|---|
| every 7:10 | from 1:18,19 6:10 25:20 | identity 28:15 | 23:22,23 24:3 | Mike 10:20 11:3,6 12:9,13,21,22 13:4,12,18 14:1,7 14:14 15:17 16:5 22:17 24:7,14 |
| everybody 4:11 | front 7:5 18:8 | include 15:3,13,14 15:16,22 20:13 | leveled 6:5 | |
| everything 6:18 18:20 25:5 | further 20:11 30:3 30:6 | includes 29:24 | like 4:13,14 8:4,25 18:14,16 20:18 25:2 | |
| exactly 25:3 | future 17:13 | indemnify 15:17 | | |
| examination 3:5 4:20 29:13 | | indemnity 15:16 | Limestone 16:22 | Mike's 14:9,13,18 14:21 16:20,21 |
| | **G** | information 29:22 | Lindsey 15:10 | |
| except 28:3 | G 2:4 | initiating 16:8 | LINE 27:2 | military 14:15,17 |
| Excuse 19:14 | Gary 2:4,5,9 20:5 29:21 30:1,1 | instance 1:15 | liquidated 23:18 | Millican 13:2 |
| executed 28:17 | | instances 6:9 | listening 18:3 | mineral 13:8,10 |
| exist 14:15 23:9 | gave 19:22 | instrument 28:16 | little 4:10 | minutes 9:3 29:21 |
| expense 16:21 | generous 11:1,5 | intend 20:21 | live 9:24 10:1,2 | misinterpreted 7:19 |
| expenses 19:9,19 20:12 | getting 7:1 25:5 | interest 12:15,24 13:7,8 | LLP 1:6 2:13 | moment 4:14 |
| | give 6:2 7:10,11 19:24 | | locate 13:12 | momentarily 22:2 |
| Expires 30:15 | | interested 30:7 | located 14:17 | moments 7:22 |
| explore 14:14 | given 6:13 19:15 28:19 29:10,22 | involved 10:23 22:23 | long 8:13 | money 18:10 |
| expressed 28:18 | | | longer 17:1,7 | month 25:1 |
| expression 7:16 | | Isabel 15:7 | looking 11:3,6 25:3 | more 16:19,19 18:10,23 19:16 |
| expressions 7:17 | Givens 1:20 29:4 30:10,14 | issues 22:15 23:8 | loosely 25:6 | |
| extensive 15:14 | | | lost 16:9 | Morgan 30:11 |
| exterior 25:17 | go 4:17 6:14 7:1 9:16 20:3,7 21:16 21:23 22:2 24:22 | **J** | Lourdes 15:11 | morning 9:20 |
| | | Jill 15:6 | lunch 8:23 | move 23:22 |
| **F** | | Joe 16:20 | LY 1:5 | moving 24:1 |
| F 2:4,5 30:1 | going 8:3 10:14 18:20 21:3,5,13 22:7,22 23:10 | jury 6:9 | | much 13:25 19:15 |
| fail 5:22 6:1 | | just 4:7 6:14 7:1 8:15 9:3 15:15 16:19 17:24 18:18 20:6,7,16 23:5,6 23:22,25 24:3 25:6,14 26:3,6 | **M** | must 8:10 |
| failing 6:5 | | | M 1:6 2:8,21 | mutual 15:13 |
| Family 15:7 | gone 22:1 | | machine 1:21 | |
| father 13:13 14:9 14:13 | good 14:2 | | made 17:11 20:15 | **N** |
| | Greenhill 2:15 | | maintained 25:22 | N 2:1 3:1 |
| father's 16:21 | ground 6:15 | | make 6:14 7:3 8:5 22:22 24:3 26:6 | name 4:22 5:4,6 9:14 20:16 28:11 28:16 |
| federal 1:23 12:10 | | | | |
| fee 17:1,3,13 18:8 | **H** | **K** | many 17:25 | |
| feeling 8:3 10:9 | hand 4:7 22:17,18 24:7,8,14,15,24 24:25 28:19 | keeping 4:11 | Mark 2:14 30:2 | need 4:10 8:22 |
| fees 18:23 19:9 20:10,12 22:22 23:2,10,15 | | know 4:12 6:13 7:10 8:5 10:7 11:10 18:6 21:6 22:10 | Matt 14:16 15:9 | negotiation 10:23 |
| | | | matter 12:10 14:23 25:14 | negotiations 29:18 |
| | handed 25:15,23 | | matters 23:10 | neither 30:3 |
| feet 20:21 | handkerchief 7:1 | | may 12:6 14:17 15:19 16:6 17:3 19:19 21:4 23:8 | never 19:10 23:17 |
| few 6:15 9:3 | having 4:19 | known 14:5,6 16:1 28:13 | | next 7:8 |
| file 16:21 | head 7:16,18 | | | nodding 7:15 |
| files 20:20,23 | hear 19:15 | | | nods 7:17 |
| filing 16:7 | heard 17:25 23:14 24:6 | **L** | ma'am 4:14,22,24 5:11,14 10:1,9 | North 4:25 9:24 |
| finalized 25:5 | | land 22:23 | | Notary 28:23 |
| financially 30:6 | held 25:19 | Larry 15:10 | McCRACKEN 1:3 1:10,14 3:4 4:2,6 4:18,23 5:5,7 7:21 9:15,16 10:2,3,14 22:3 24:1 25:7 28:7 29:2,7 | noted 28:4 |
| fine 10:13 | help 6:24 7:5,14 | last 9:19 | | notice 25:22 |
| finish 7:3,6 | helpful 18:17 | lastly 20:18 | | November 29:14 |
| firm 11:22 12:10 15:6 22:18 24:8 24:14,25 30:2 | her 19:8 20:16,17 20:21,22 | later 21:12 | | number 10:6,17 12:13,21 13:4 |
| | him 16:7,8 23:14,14 | law 1:21 11:22 12:9 12:14 15:6 22:18 24:8,14,25 30:2 | | numbered 1:17 |
| | hold 21:23 | | McCracken's 13:5 | |
| first 4:19 17:11 | holding 26:9 | lawsuit 11:25 12:17 16:7 17:6 | mean 8:14 17:5 | **O** |
| focus 22:13,14 | hours 9:19 10:17 | | Melinda 2:19 | oath 5:13,17 11:11 28:14 |
| following 29:6,24 | huh-uh 7:16 | leave 20:21 | mementos 13:13,15 14:15,17 | |
| follows 4:19 29:20 | husband 5:3 10:2 15:4 | less 20:13 | | October 1:11,18 4:3 18:5 29:3,12 30:8 |
| foregoing 14:25 28:2,16 | | let 7:10 8:5 19:20 20:1,5,7 21:9,15 21:22 23:25 24:3 | mention 25:15 | |
| | husband's 5:4 | | method 1:21 | |
| forward 8:3 9:17 10:10 12:6 18:5 24:22 | | letters 13:13,15 | Michael 1:6 2:8,21 15:5 | off 10:15 12:7 20:3 20:8 21:16,18,23 22:1 25:13 |
| | **I** | let's 21:23 22:14 | might 4:10 | |
| frame 25:2 | identified 12:17 | | | |

offer 19:11,20
offered 7:22
office 25:21 28:19
officer 28:12 29:8
  29:23
officer's 29:15
offices 1:21
Oh 5:21 10:13 21:2
okay 5:10,13 7:14
  8:12,25 9:2,4 11:5
  11:8 12:6,11
  14:19 16:25 17:16
  19:7,13,17 20:1
  20:24 21:20,22
  22:5,10,11,20,25
  23:5,7,12,22,25
  25:4,7 26:10,12
old 5:8
one 6:17 16:19 21:7
  22:17 24:7,14,24
  25:14
one-fourth 12:24
  13:7
one-half 12:15,24
  13:7
one-third 12:15
opportunity 7:10
  7:23 8:23 16:9
oral 1:9,14 4:2 29:9
original 29:16
other 15:17 22:18
  24:8,15,25 28:15
others 6:19
otherwise 15:20
  30:7
out 6:3,8 17:10
  22:22 23:11 24:18
outcome 30:7
over 9:19 10:16
owe 18:9 22:21 23:2
  23:14
owing 18:23
own 16:21
owned 12:25 13:8

        P
P 2:1,1
page 27:2 28:4
paid 20:11
part 18:23
parties 15:18 29:25
  30:4
Partnership 13:10
party 29:19
pass 25:9
Paxton 2:4 12:2
  17:10
pay 21:3,5

paying 20:25
PC 1:22 2:10,15
penalties 5:23
pending 8:10
people 17:25
perfectly 10:13
perjury 5:23
permission 16:20
person 28:15
personally 28:12
photographs 13:13
photos 13:15
pitcher 13:19
place 14:14,18
plaintiff 1:4,16 2:3
  11:25 12:1,8 30:1
please 4:7,17 5:4
  9:9,13 10:6
point 6:8 8:2 17:11
  23:13
pointed 6:3
possession 13:14
practice 12:14
preceding 28:4
precisely 24:23
prepared 9:16 15:2
preparing 29:16
PRESENT 2:20
Procedure 1:24
proceed 5:10 10:10
  12:6
proceeding 30:5
proceedings 9:6
  16:8 17:9 21:24
  25:12 26:13
process 10:23
produced 1:15
project 16:10
proper 12:13
properly 16:14
property 12:25
proved 28:13
provide 13:14,18
  14:8
provided 25:22
Providing 23:16
provision 15:16
Public 28:23
purposes 28:18
pursuant 1:23
  29:22
p.m 1:19,19 9:7
  21:24,25 25:12,13
  26:13

        Q
question 7:4,6,9
  8:10,11 17:19,22

  17:22 18:12,14,16
questions 7:12 8:16
  8:17,17,18 25:11
quickly 20:10

        R
R 2:1
raise 4:7 17:14
reached 9:19 10:12
  12:8 16:17 18:7
read 10:15 12:6
  28:2
ready 5:10 22:2
real 12:14 16:10
  20:9
REASON 27:2
recall 7:21 19:19
receive 26:7
received 25:20 26:1
recent 16:9
recessed 9:7 21:25
recitation 19:4
recited 16:17 24:6
record 4:4,22 9:9
  9:14,17,23 10:11
  11:25 12:1 16:18
  17:2,8 18:22 20:4
  20:15,18 21:16,18
  21:23 22:2,3,6,9
  23:20,21 24:4,18
  25:13 29:9,25
recorded 11:10
reference 17:12
reflect 20:19
refunded 19:18
regard 16:9
reiterate 8:1,20
related 30:4
release 15:3,4,5,14
  15:24 16:5
released 15:18,23
replaced 25:24
reported 1:20
reporter 4:4,6 6:17
  6:24 7:15 11:11
  14:5 29:5
Reporter's 3:7 29:1
REPORTING
  30:10
representation 19:4
representing 11:25
reside 4:24 5:2
resolution 14:23
respect 16:6
respectively 1:19
rest 17:1
return 29:14
re-swear 9:9

Richard 2:4
right 4:7 7:4 8:6,13
  10:14 11:17 12:22
  13:5,5 17:15
  20:21 22:19 25:7
risk 5:23
Rogstad 2:14 11:18
  11:19 23:23 30:2
room 6:19 12:4
  23:13
route 14:16
rude 4:12
rules 1:23 6:15

        S
S 1:19 2:1 29:4
  30:14
same 6:25 28:3,17
Sampson 25:17
sanctions 6:4
Sandra 29:4 30:14
saying 20:24
seal 28:19
Security 10:6
select 13:15 14:17
send 16:20
set 24:18
settled 22:9
settlement 9:18
  10:11,15 12:7
  15:1,2,13,15,21
  16:15,16 17:7
  24:5,13,22
several 9:19
sg-862 30:16
shakes 7:17
shaking 7:15
shorthand 1:21
  29:4
signature 3:6 27:1
  28:3 29:13
Simmons 16:23
since 17:25 18:18
sir 6:12,16,20 9:21
  10:21 24:16,21
  25:1
site 13:2
Social 10:6
some 18:20
something 17:9,13
  25:2,19
sometimes 7:18
son 5:3 10:3
son's 5:6
sorry 4:10 13:23
  15:14 19:15 21:18
sort 22:7
sorted 23:11

sound 18:13
sounds 18:15
speaking 25:6
spell 14:3,6
spent 29:17
spirit 24:1
start 7:8,22
state 1:20 4:22 9:13
  9:23 10:4 16:8
  28:9,24 29:5
stated 16:14,15
statement 18:16
STATES 1:1
stating 9:17 10:10
Steve 15:5
Steven 5:5 10:2
Stewart 15:10
Street 2:15 4:25
  9:24
strictly 20:16
styled 1:17
submitted 29:11
subscribed 28:16
substituted 13:20
sued 12:10
suggest 20:2 21:9
  21:15
Suite 1:22 2:6,11,16
sum 14:20
support 12:23 13:6
sure 6:14 7:3 8:5
  24:3 26:6
survey 12:16,18
swear 4:5,8
sweeping 15:25
sword 13:21 14:3,8
  14:11,12
sworn 1:16 4:19
  5:19 9:12 29:8

        T
table 17:20
take 4:15 7:24 8:4,6
  8:11,11,23 9:1
taken 1:16 29:24
  30:6
taking 6:18 8:21
  10:18
talk 21:11,14
talking 6:25 25:1
tell 5:19,22 6:2,5
terms 9:17 10:11,15
  12:7 16:14,16
  18:6 20:3 23:9
  24:4,12,23 25:5
testified 4:19 5:13
  6:9 24:7,18
testify 6:10

Tierney McCracken                                                              October 16, 2007

Page 34

| | | | | |
|---|---|---|---|---|
| testimony 6:3 29:9 29:23 | uncle 10:20 | 21:11 | **1** | 970 1:5 |
| Texas 1:1,20,23 2:6 2:11,16 12:14 28:9,24 29:5 30:11 | unclear 7:18 under 5:13,17 11:11 12:14 15:19 24:23 28:14,19 | we're 4:3 10:19 21:13,19 22:16 23:21 25:1,3 we've 10:24 22:1 while 25:21 | 1 12:13 10:53 1:18 4:4 10:59 1:18 9:6 12/31/07 30:15 14 5:9 | |
| thank 5:12 6:7 8:7 8:9 9:5 10:9,13,18 11:1 13:11,17,24 13:25 14:19,24 18:19 22:5 25:7,8 25:25 26:9,10,11 | understand 5:16,19 5:22,24 6:1,6,8,11 6:19,21 8:12,18 11:13,22 16:2,10 18:6 24:12,17,20 understanding 19:1 undivided 12:24 | whole 23:13 William 12:25 13:1 13:8,9 15:6,8 Winchester 4:25 9:25 Winstead 1:22 2:10 | 1550 2:6 16 1:11 18:5 29:3 16th 1:17 4:3 1800 2:16 19 29:12,14 19th 30:8 | |
| Thanks 14:1 their 17:1,3 thing 7:14 16:19 things 16:19 think 17:11 though 8:9 | 13:7 UNITED 1:1 unknown 16:1 used 29:19 using 7:16 | witness 1:15 4:5,9 4:16 9:10,11 10:25 13:22 17:17 17:19,24 18:9,13 19:14,22 20:25 21:4,11,17,20 | **2** 2 3:3 12:21 2007 1:11,18 4:3 28:20 29:3,12,14 30:9 | |
| thought 21:17 23:12,13 thousand 19:10 20:13 | **V** v 1:5 vacation 25:21 Vague 2:19 11:16 | 23:19 25:10 29:7 29:10,12,13 women 20:22 wonderful 11:7 25:4 | 2100 1:22 2:11 221 2:15 235 12:19 26 29:21 | |
| through 6:15 15:19 18:20 22:7 28:14 throughout 29:18 Tierney 1:3,10,14 3:4 4:2,18,23 8:15 9:15 13:5 18:21 28:7 29:2,7 | valid 24:19 very 11:1 13:25 videographer 2:18 4:1 9:8 11:14 videotaped 1:9 4:2 6:22 videotaping 11:16 | work 17:10 wouldn't 14:6 Wright 2:15 **X** X 3:1 | 27 3:6 29 3:7 **3** 3 13:4 3/3/60 10:5 3:08 1:19 9:7,9 | |
| time 6:25 9:11 10:18 25:2 29:17 29:19,23 | Virginia 5:1 9:25 void 26:4 **W** | **Y** Yeah 4:9 23:23 | 3:23 21:24 3:25 21:25 3:29 25:12,13 3:30 1:19 26:13 | |
| times 8:22 today 5:16 6:10,22 10:17,19 12:2 16:17 20:14,19 21:1,3 24:19 25:15,23 | waiting 4:11 5:12 29:17 waive 17:13 19:9 20:10,11 waived 17:1,3 want 6:14 7:3 8:1,5 | **Z** Zausmer 2:9 3:5 4:13,21 8:20 9:13 11:2 13:23 14:1,2 14:12 17:23 18:4 | 301-7088 30:12 **4** 4 3:5 401 1:22 2:10 | |
| Today's 4:3 told 19:8 torn 26:1 toto 12:18,19 town 13:2 | 17:7 18:1 19:9 20:12,14,15,16 21:8 23:12,18 24:22 | 18:17 19:3,7,13 19:17,20 20:1,7 21:9,15,19,22 22:1 23:5,21,25 25:9,14 29:21 | 447 4:25 9:24 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 10:8 **5** 5000 30:14 | |
| tract 12:16,17,18 transcript 20:14 21:3 29:8,11,17 TRAVIS 28:10 trial 6:10 | wanted 17:24 25:14 26:6 wanting 17:12 22:13 wasn't 26:8 | 30:1 zeroing 22:15 **$** $10,000 19:23 | 512 30:12 **6** 6th 2:15 | |
| true 28:3 29:9 trust 13:1,9 15:7,7 25:20 | way 6:10 well 10:10 17:3,16 18:2 21:6,20 23:12 | $12,500 14:21 $377.00 29:15 $50,000 23:18 | **7** 78701 1:23 2:6,11 2:16 | |
| truth 5:20,23 6:2,5 truthful 7:11 | went 25:13 were 11:3 21:17 25:15 | **°** ° 1:3,4,4,5,5,6,6,7 | 78717 30:11 **8** 823 2:5 | |
| **U** uh-huh 7:16 Uh-hum 11:20 unasserted 16:2 | West 2:15 WESTERN 1:1 we'll 8:23 20:10,11 | **0** 06 1:5 | **9** 9532 30:11 | |

1          **CHANGES AND SIGNATURE**

| 2 PAGE | LINE | CHANGE | REASON |
|---|---|---|---|
| 3 Page 12, Lines 15 and 16 | | ..., *both surface and mineral*, ... | Clarification |
| 4 Page 12, Line 25 | | "... property is" *or should have been* "owned by William..." | Clarification |
| 5 Page 13, Line 6 | | convey by appropriate deed | less vague |
| 6 Page 13, Line 8 | | mineral or surface interests | Clarification |
| 7 Page 13, Lines 10 and 11 | | strike William (Bill Barron) | need specifics |

8   Page 16, Lines 5 through 10     On the record, I would like to say that I did not raise the issue of the ongoing Bar Complaint. It is my understanding that the two venues (Civil and Bar) are never to meet. It was a sad day when I initiated the complaint process, and I will be pleased to let it go. However, I have no fear with regard to the contents of that document; my statements are honest and the facts not exaggerated                                                            Clarification

9   Page 24, Lines 7, 8    Far from complete, nothing of what Mike said is on the record. For example his statement that he did not know Dodds financed the purchase of our property; or that he (Mike) would look into – make sure that – he and Barbara had put all of the required minerals (as outlined in Grandmothere's handwritten note) into the Barron Mineral Partnership. I agreed not to ask for certain things such as records, interest on delay rentals not paid, no costly accountings. These aspects are favorable to Mike.

   We discussed Ken Parker's conversation with Larry Stewart regarding the David Barron Family Trust recieving a .10 mineral interest in the past rather than the correct .20 interest.

   Addressing my concern that I had never had seen the books for the DAB Trust, Mike promised they are identical except for the one CD rolled over from Sandy.                                                            Clarification

*Elm Winchester VA*
*On 11/16/2007*
*Melissa G Self*

[Notary Seal: MELISSA A. SELF, Notary Public, Commonwealth of Virginia, 329228, My Commission Expires Nov 30, 2011]